UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :

UNITED STATES OF AMERICA
                                            :

    -v.-

                                            :       14 Cr. 698 (DLC)

GARY CARPENTER,               :

             Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# THE GOVERNMENT'S SENTENCING MEMORANDUM


                                                                        PREET BHARARA
                                                                        United States Attorney
                                                                        Southern District of New York
                                                                        Attorney for the United States of America


Negar Tekeei
Assistant United States Attorney
- Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :
UNITED STATES OF AMERICA
                                                 :
     -v.-
                                                 :        14 Cr. 698 (DLC)

GARY CARPENTER,                                  :

                    Defendant.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**SENTENCING MEMORANDUM**

The defendant is scheduled to be sentenced in this matter on January 30, 2015 at 2 p.m. The Government respectfully submits this memorandum in advance of that sentencing, and in response to the defendant's sentencing submission dated January 27, 2015 ("Def. Mem."). As set forth in the Presentence Investigation Report ("PSR") and stipulated by the parties in the defendant's plea agreement (the "Plea Agreement"), the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range applicable to this defendant is 30 to 37 months' imprisonment.[1] In his sentencing submission, the defendant seeks a sentence of time served and three years of supervised release. (Def. Mem. at 1). The Probation Office recommends a sentence of time served and three years of supervised release. (PSR at 21). For the reasons set

---

[1] The Plea Agreement included a provision that anticipated the amendments to the Sentencing Guidelines that would result in a two-level reduction in the offense level if the defendant were to be sentenced when the November 2014 Guidelines Manual took effect, and stated that, "pursuant to the current policy of the Department of Justice that a two-level downward variance is generally warranted from the offense level specified in Section 2D1.1(c) of the November 1, 2013 version of the Guidelines manual, the parties agree that the defendant should be sentenced as though the applicable Guidelines range is 30 to 37 months' imprisonment." (Plea Agreement at 4). Since the Plea Agreement, amendments to the Sentencing Guidelines were passed and included the two-level reduction anticipated in the Plea Agreement. Therefore, the Government agrees with the PSR that the Guidelines range applicable to this defendant is 30 to 37 months' imprisonment.

2

forth below, the Government respectfully requests that the Court impose a sentence within the Guidelines range in this case.

## BACKGROUND

A.   **Offense Conduct**

As described in the PSR, on July 29, 2014, after a consent search, law enforcement agents seized approximately 2,000 glassine envelopes containing heroin from the defendant's car. (PSR ¶¶ 9-11). The envelopes were bundled together in packs of ten for a total of approximately 200 bundles, and packaged in a manner consistent with the way heroin is packaged for sale. (PSR ¶ 10). Following his arrest, the defendant was advised of his *Miranda* rights, waived those rights orally and in writing, and agreed to speak with law enforcement. When asked how much heroin was in the plastic bag containing the glassine envelopes, the defendant admitted there were 200 bundles in the bag, that he made approximately $3,000 per month doing this, and had been doing it for approximately a year and a half. (PSR ¶ 11). Laboratory testing regarding revealed that the 200 bundles contained approximately 95 grams of mixtures and substances containing heroin.

B.   **Procedural History**

On July 29, 2014, the defendant was arrested and, on July 30, 2014, charged by a criminal complaint, *United States* v. *Gary Tyrone Carpenter*, 14 Mag. 1661, in the Southern District of New York with one count of possession with intent to distribute mixtures or substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

On October 21, 2014, the defendant consented to the filing of a felony Information and pleaded guilty, pursuant to the Plea Agreement, to one count of possession with intent to

distribute mixtures or substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

**C.     The Defendant's Adjusted Offense Level and Criminal History**

The defendant's adjusted offense level and criminal history calculations are detailed in the PSR and the Plea Agreement.  The Guidelines Manual in effect as of November 1, 2014 applies to the offense conduct.  (PSR ¶ 18).  Pursuant to U.S.S.G. § 2D1.1(c)(9), the defendant's base offense level is 22 because the defendant is responsible for at least 80 grams but less than 100 grams of heroin.  (PSR ¶ 18).  Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), a three-level decrease is warranted for the defendant's demonstration of acceptance of responsibility.  (PSR ¶¶ 25, 26).  Thus, the defendant's total adjusted offense level is 19.  (PSR ¶ 27).

The defendant's criminal history is extensive, and he has 10 prior convictions spanning from 1971 to 1998 for various offenses, including for narcotics offenses, trespass, robbery, and burglary.  (PSR ¶¶ 29-53).  Because these convictions and corresponding sentences of incarceration were completed more than 15 years prior to the date of the instant offense conduct, the defendant's total criminal history score is zero, resulting in a Criminal History Category of I.  (PSR ¶ 54).

## DISCUSSION

**A.     A Guidelines Range Sentence is Warranted.**

In light of the nature and circumstances of the instant offense, the Government respectfully submits that a sentence within the Guidelines range of 30 to 37 months' imprisonment would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.  The 18 U.S.C. § 3553(a) factors applicable in this case include the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence

to this defendant and other similarly situated individuals, and to promote respect for the law.  18 U.S.C. § 3553(a)(2)(A)-(B).  These considerations militate forcefully in favor of a Guidelines range sentence for this defendant.

First, a Guidelines range sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.  18 U.S.C. § 3553(a)(2)(A).  The defendant committed a serious offense by possessing with intent to distribute approximately 965 grams of heroin, and, in his own words, "doing this" for approximately a year and a half.  The devastating toll that the heroin crisis has taken on New York City and, in particular, the Bronx, has been well-documented.  *See*, *e.g.*., J. David Goodman, *Heroin's Death Toll Rising in New York Amid a Shift in Who Uses*, N.Y. Times, August 8, 2014, at A19.  When he was arrested in the Bronx, the defendant had 200 bundles of heroin packaged and ready for sale so that he could make a profit.  The defendant's conduct must be viewed in the context of the very real effect narcotics crimes have on the community, and the seriousness of the defendant's conduct militates forcefully in favor of a Guidelines sentence in this case.

Second, a Guidelines range sentence is necessary to afford adequate deterrence to the defendant and others similarly situated, and to protect the public from further criminal conduct. See 18 U.S.C. §§ 3553(a)(2)(B) and (C). While the defendant's prior criminal convictions range from 1971 to 1998, the extent of his criminal history during that time period and the seriousness of the crimes for which he was convicted underscore that this is a defendant who knew what it meant to commit and be punished for serious crimes, and nonetheless sought to continue committing crimes.  His prior convictions, terms of imprisonment, and terms of supervision, failed to deter him from committing this offense.  In committing the offense conduct in this case, the defendant dangerously placed his interests above the interests of the public around him.  A Guidelines range sentence is necessary to protect the public from this defendant's further

criminal conduct, and a Guidelines sentence that reflects the seriousness of the instant offense is necessary to deter others from committing similar crimes in the future.

**B.     The Defendant's Arguments for a Non-Guidelines Sentence Do Not Overcome the Need for Adequate Punishment in this Case.**

The defendant asks this Court to impose sentence of time served and three years' supervised release. (Def. Mem. at 1). In support of this request, the defendant details his personal background and family circumstances, including a difficult early life and his path toward establishing a business and becoming a supportive individual for his family and his community, and the "financial distress" that motivated him to commit this crime. (Def. Mem. at 2-7). The defendant also describes his medical issues as a reason for a non-Guidelines sentence. (Def. Mem. at 8). The Government is sympathetic to the defendant's personal and medical circumstances, and is encouraged by what appear to be positive contributions that the defendant made in his community prior to engaging in the offense conduct. However, the defendant's background and circumstances do not diminish the seriousness of his conduct in this case or obviate the need for adequate punishment. Rather, they highlight precisely why a Guidelines range sentence is warranted in this case. By his own account, the defendant has enjoyed the support and respect of his community and family members. He describes himself as a role model for his family and the community, including children for whom he has provided haircuts and other means of support. He lived for the past ten years in a "large and well furnished" ranch style home in the Bronx. (PSR ¶ 82). He reported making approximately $3,700 a month from his barber shop and beauty salon. (PSR ¶ 92). What is particularly disconcerting about this defendant's conduct is that he, unlike so many other defendants, actually had a home, support system, business income, and family and community to help carry him through the financial distress that he describes. Instead, the defendant chose to sell heroin—a devastating substance

that is destroying the lives of so many people in his and other communities in New York. The contrast between the defendant's seemingly legitimate business and community activities and his narcotics activities is striking, and his offense conduct is acutely egregious in light of his described role in the community.

The defendant has had many opportunities to rehabilitate in the long term, and, unfortunately for him and for his community, he eventually returned to the same patterns of criminal conduct. The Government respectfully disagrees with the Probation Department's recommendation, as the need for punishment, deterrence, and to promote respect for the law outweigh the defendant's personal circumstances. The defendant has demonstrated that recidivism is not only likely, but certain, and that it comes at great cost. A Guidelines range sentence is necessary to adequately punish this defendant and protect the public from further crimes.

## CONCLUSION

For the foregoing reasons, the Government respectfully submits that a sentence within the Guidelines range of 30 to 37 months' imprisonment is appropriate here and would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

Dated: January 29, 2015  
       New York, New York

Respectfully submitted,

PREET BHARARA  
United States Attorney

By: _____  
Negar Tekeei  
Assistant United States Attorney  
(212) 637-2482